¶ 1 I respectfully dissent from the majority opinion.
 {¶ 2} According to appellee's claim adjuster, the homeowner's policy at issue "covers all risks unless specifically excluded."[3] Some types of water damage are specifically excluded perils. Water damage caused by rainwater is not one of them. Even though the rot and/or deterioration exclusions may apply to some of appellants' claimed damages, the trial court erred in finding appellants' claim for the following damages caused by rainwater to be excluded:
 {¶ 3} (4) "fiberglass wall insulation moldy and stained"'
 {¶ 4} * * *
 {¶ 5} (10) "some floor settlement due to floor joist crushing rot damaged sill plates";
 {¶ 6} (11) "exterior stone mortar joints loose and water damaged";
 {¶ 7} (12) "interior drywall stained-bedroom closet-bathroom";
 {¶ 8} (13) "attic space — interior view — water stained rafters, ceiling joist, bearing plates[.]"
 {¶ 9} I further disagree with the majority's analysis of appellants' claim coverage exists due to physical loss to covered property "involving collapse," caused by hidden decay. While I recognize the Ohio Supreme Court held in Olmstead v. Lumberman's Mut. Ins. Co. (1970),22 Ohio St.2d 212, "collapse" means "a falling down, a falling together, or caving into an unorganized mass," the policy language at issue in Olmstead is different from that at issue herein. In Olmstead, the policy stated, "loss by collapse shall mean only the collapse of a building(s) or any part thereof." Id. at 214 (Emphasis added). Herein, appellee's policy provides coverage for loss to covered property "involving collapse" caused by hidden decay. (Emphasis added).
 {¶ 10} Based upon this difference in language, I find Olmstead distinguishable. Having so found, I would follow this Court's reasoning in Hovsepian v. Auto-Owners Ins. Co. (Dec. 27, 1993), Ashland App. No. CA-1045, unreported, and find the testimony of appellants' expert Stephen Galli that the north wall collapsed hidden from view resulting in a "technical wall collapse," was sufficient to overcome appellee's motion for summary judgment. As we reasoned in Hovsepian, it would be contrary to public policy to require the insured party to wait until his building has actually collapsed in order to recover. Id. at 5. To do so risks further physical property damage as well as possible injury to persons. See also, Wilson v. Aetna Cas. And Surety Co., 619 So.2d 1213, andWhispering Creek Condominium Owner Assn. v. Alaska Natl. Ins. Co.,774 P.2d 176.
 {¶ 11} Because certain of appellants' claimed damages resulted from rainwater and others are covered because they involved collapse (neither of which are excluded nor excepted in appellee's policy) appellants are then entitled for any ensuing loss eminating therefrom. While damage to appellants' roof is excluded as a result of faulty, inadequate or defective repair by Feazel Roofing Company and while damage caused by rot and/or deterioration is likewise excluded, any ensuing loss resulting from rainwater damage and/or collapse is not.[4]
 {¶ 12} Accordingly, I would reverse the judgment of the trial court and remand the case to it for further proceedings.[5]
[3] Depo. Tr. of Vivian Ledbetter at 36.
[4] It appears an ambiguity may exist as to whether collapse caused by hidden decay is covered when the hidden decay is rot. Assuming, arguendo, an ambiguity exists, it must be resolved in favor of the insured.
[5] Because the trial court did not address appellants' bad faith argument given its conclusion no coverage existed, I would also remand that claim.